FILED
 2015 Jun-02  PM 04:51
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STAT1ES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY LEE HOLMES,<br><br>    Plaintiff,<br><br>v.<br><br>BEHR PROCESS CORPORATION, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>2:15-CV-0454-WMA |

**MEMORANDUM OPINION**

On May 18, 2015, defendant Behr Process Corporation ("Behr Process") and defendant Behr Paint Corporation ("Behr Paint") filed a motion for a more definite statement on the basis that the complaint filed by plaintiff Mary Lee Holmes is a "shotgun pleading." (Doc.17 at 8). For the reasons stated below, the joint motion will be granted.

As this court recently emphasized, "[s]hotgun pleadings wreak havoc on the judicial system." *Cox v. Asset Acceptance, LLC*, 2:15-cv-0266-WMA, at *2 (May 5, 2015) (Doc. 9) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)). Not only does this type of ambiguous pleading fail to "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but also when dealing with multiple defendants such ambiguous pleading makes difficult determining "'[s]pecific' or 'case-linked' jurisdiction, [which] "depends on

an 'affiliatio[n] between the forum and the underlying controversy.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1122, n.6 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).

Here, Holmes' complaint has the hallmarks of the "proverbial shotgun pleading." *Wagner*, 464 F.3d at 1279. Holmes' complaint "begin[s] with a long list of general allegations." *Johnson Enterprises of Jacksonville, Inc. v. FPL Grp.*, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998) and (Doc. 1 at 3-15). Holmes also incorporates "every antecedent allegation by reference into each subsequent claim for relief or affirmative defense," *Wagner*, 464 F.3d at 1279 and (Doc. 1 at 15, 17, 19, 21, 22, 24, 26, 27, 28, 29, 31, 32, 33, 34, 35, 37). The ambiguities of Holmes' "shotgun pleading" are compounded by the fact there are multiple defendants and Holmes' conflation of Behr Process Corporation and Behr Paint Corporation as "Kilz." (Doc. 1 at 1-2). Therefore, the court will by separate order grant the joint motion, and require Holmes to amend her complaint by June 9, 2015 to eliminate the "shotgun pleadings" and associated ambiguities thereby conforming with Federal Rules of Civil Procedure 8 and 10.

DONE this 2nd day of June, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE