IN THE UNITED STAT1ES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY LEE HOLMES,                }<br>                                 }<br>     Plaintiff,                 }<br>                                 }      CIVIL ACTION NO.<br>v.                               }      2:15-CV-0454-WMA<br>                                 }<br>BEHR PROCESS CORPORATION, et    }<br>al.,                             }<br>                                 }<br>     Defendants.                | |

**MEMORANDUM OPINION**

Consistent with this court's June 2, 2015 memorandum opinion and order (Doc. 18 and Doc. 19), pro se plaintiff Mary Lee Holmes filed a second amended complaint (Doc. 21). On June 22, 2015 defendant Home Depot USA, Inc. ("Home Depot") filed its answer, which contains as its second affirmative defense a motion to dismiss under Federal Rules of Civil Procedure 9 and 12(b)(6). (Doc. 29 at 21). On June 23, 2015, defendant Behr Process Corporation ("Behr") filed a second motion for a more definite statement in response to Holmes' second amended complaint. (Doc. 31). As this court said during the July 28, 2015 hearing[1] on the

---

[1] At the July 28, 2015 hearing, the court also recognized that while Holmes is proceeding as a pro se plaintiff, she is also a third year law student with some legal training. Compare *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed") with *Allen v. Aytch*, 535 F.2d 817, 821 n. 21 (3d Cir. 1976) (finding that although not a member of the state bar association, a complaint drafted by a third year law student would not be construed liberally because the student had

said motions, the court will treat both of Behr's motions as motions to dismiss and where appropriate to grant Holmes leave to amend to meet Behr's criticisms.

## I. Fictitious parties

Generally, in a diversity case initially filed in federal court, the naming of fictitious or unknown defendants defeats diversity. *McAllister v. Henderson*, 698 F. Supp. 865, 869-70 (N.D. Ala. 1988); 2 *Moore's Federal Practice*, § 8.03 (3d Ed.). Here, Holmes includes "John Does 1 through 5" (Doc. 21 at 2), while simultaneously claiming jurisdiction based on diversity (Doc. 21 at 3). Rather than to dismiss the entire action for a lack of jurisdiction, the court removes the fictitious parties thereby curing the jurisdictional defect.

## II. Breach of warranty

Holmes attempts to bring various claims against Home Depot and Behr under both implied and express warranty theories. Generally, pursuant to Rule 12(b)(6), to survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

### A. Implied warranty of merchantability and implied warranty of fitness for a particular purpose

In Alabama, "a warranty that the goods shall be merchantable

---

"substantial legal training").

is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Ala. Code § 7-2-314. Further, an implied warranty of fitness for a particular purpose applies "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." Ala. Code § 7-2-315. "[B]y their very language the commercial code's implied warranty sections apply to the **seller** of the product . . . [whereby] § 7-2-314 (the implied warranty of merchantability section) and § 7-2-315 (the implied warranty of fitness for a particular purpose section) both apply to the '**seller**.'" *Wellcraft Marine, a Div. of Genmar Indus., Inc. v. Zarzour*, 577 So. 2d 414, 419 (Ala. 1990) (emphasis added); see *Bryant v. S. Energy Homes, Inc.*, 682 So. 2d 3, 5 (Ala. 1996) (finding that the implied warranty of fitness for a particular purpose did not apply to the manufacturer of mobile homes, only the seller"). "There is no right of action on an implied warranty theory against a manufacturer for property damage without privity of contract." *Rhodes v. Gen. Motors Corp., Chevrolet Div.*, 621 So. 2d 945, 947 (Ala. 1993).

In Counts I and II, Holmes claims breach under the implied warranties of merchantability and fitness for a particular purpose against both Home Depot and Behr. (Doc. 21 at 17-19). Although Holmes alleges that Home Depot sold her the Kilz primer, she merely

3

alleges that Behr manufactured Kilz and fails to allege any facts to indicate that Behr is the "seller" or in some other way is in privity of contract with her. Therefore, while Holmes sufficiently states claims against Home Depot in Count I and II, she fails to state a plausible claim for relief against Behr under § 7-2-314 and/or § 7-2-315. *Iqbal*, 556 at 678.

    **B.    Breach of express warranty**

"[A]n express warranty is created if it is an affirmation of fact which becomes part of the basis of the bargain, advertising by a manufacturer gives rise to an express warranty that is imposed, not by state law, but by the manufacturer itself." *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1280 (M.D. Ala. 2001); see Ala. Code § 7-2-313.

Here, Holmes alleges that Home Depot expressly warranted that Kilz would adhere to plaster and sheetrock/drywall. (Doc. 21 at 21). Holmes also alleges that Behr expressly warranted through the included use and application instructions on the Kilz packaging that it would adhere to the plaster and sheetrock/drywall. (Doc. 21 at 21-22). Therefore, Count III contains sufficient factual matter to state a claim for relief both against Home Depot and Behr "that is plausible on its face.'" *Iqbal*, 556 at 678 (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**III. Products liability**

As a judicial, and not legislative, creation, the Alabama

Extended Manufacturer Liability Doctrine ("AEMLD") generally does not subsume those preexisting remedies at common law such as breach of warranty[2], negligence, and wantonness. *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 106 (Ala. 2003). However, "no Alabama case appears to have held that the AEMLD does not subsume a strict liability claim . . . [because] such a holding **would be nonsensical**, for the simple reason that the AEMLD is Alabama's (modified) version of strict liability in the products liability context." *Foster v. Bridgestone Americas, Inc.*, 2013 WL 489162, at *3 (S.D. Ala. Feb. 8, 2013) (emphasis added). "Under the AEMLD, a plaintiff must show '[1] that an injury was caused by one who sold a product in a defective condition that made the product unreasonably dangerous to the ultimate user or consumer; [2] that the seller was engaged in the business of selling such a product; and [3] that the product was expected to, and did, reach the user without substantial change in the condition in which it was sold.'" *Tillman v. R.J. Reynolds Tobacco Co.*, 871 So. 2d 28, 31 (Ala. 2003) (quoting *Bell v. T.R. Miller Mill Co.*, 768 So.2d 953, 957 (Ala. 2000)).

Here, while Holmes states a cognizable claim under the AEMLD

---

[2] Holmes' breach of warranty and AEMLD claims are separately cognizable. See *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 111 (Ala. 2003) ("a claim alleging breach of an implied warranty of merchantability is separate and distinct from an AEMLD claim and is viable to redress an injury caused by an unreasonably dangerous product").

against Behr (Count VII), her separate claims for negligent design (Count IV) and manufacture defect against Behr (Count V) are duplicative. In fact, under the AEMLD, a product is defective when it is "unreasonably dangerous" and "it makes no difference whether [a product] is dangerous by design or defect." *Rudd v. Gen. Motors Corp.*, 127 F. Supp. 2d 1330, 1333 (M.D. Ala. 2001) (quoting *Casrell v. Altec Industries, Inc.*, 335 So.2d 128, 132 (Ala. 1976)). Therefore, Counts IV and V are due to be dismissed.

**IV. Fraud-Based Claims**

Under Federal Rule of Civil Procedure 9(b), where a plaintiff's complaint alleges "fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Specifically, under this heightened pleading standard a plaintiff allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). This requirement is applicable even if a plaintiff is proceeding pro se making the complaint more liberally construed. See *Rogers v. Nacchio*, 241 F. App'x 602, 607-608 (11th Cir. 2007) and *Merritt v. Lake Jovita Homeowner's Ass', Inc.*, 358 F. App'x 47, 49 (11th Cir. 2009).

Here, Holmes' claims for deceptive and unlawful trade

6

practices against Home Depot and Behr (Count VI), fraudulent misrepresentation against Home Depot and Behr (Count VIII), negligent misrepresentation against Home Depot and Behr (Count IX), promissory fraud against Behr (Count X), fraudulent suppression and concealment against Home Depot and Behr (Count XI), fraudulent deceit against Behr (Count XII), all fail to state claims under the heightened pleading requirement of the federal rules. Specifically, for each of Holmes' fraud counts, she fails to show what Behr or Home Depot gained by their alleged fraudulent conduct.

Additionally, Holmes' claims under various provisions of the Alabama Unlawful Trade Practices Act ("AUTPA") (Count VI) fail to show that Home Depot or Behr had the requisite level of knowledge for a lack of good faith. Generally, when interpreting this statute, the Alabama Supreme Court has required actual knowledge by the manufacturer or constructive knowledge that "would justify a finding of lack of good faith." *Strickland v. Kafko Mfg., Inc.*, 512 So. 2d 714, 717 (Ala. 1987); see *Lynn v. Fort McClellan Credit Union*, 2013 WL 5707372, at *7 (N.D. Ala. Oct. 21, 2013) (finding the AUTPA to require an intent to deceive or actual deception). While Holmes uses conclusory words such as "false . . . statements", "deceptive", and "intentionally misrepresented", these are not enough to satisfy the requirements of the federal rules. See *Iqbal*, 556 at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice").

Finally, in Alabama a claim of fraud based on misrepresentation is governed by Ala. Code § 6-5-101. *Bryant Bank v. Talmage Kirkland & Co.*, 155 So. 3d 231 (Ala. 2014). This statute "recognizes a fraud claim based on innocent misrepresentation [and] the elements of willfulness or recklessness need not be proven on such a claim." *Resolution Trust Corp. v. Mooney*, 592 So. 2d 186, 188 (Ala. 1991). Holmes incorrectly presents separate claims for fraudulent misrepresentation against Home Depot and Behr (Count VIII) and negligent misrepresentation against Home Depot and Behr (Count IX), when in actuality the claims are indistinguishable and duplicative. Therefore, Holmes will be granted leave to amend to properly state her claim of misrepresentation.

**V.  Non-cognizable claims**

While Holmes' purported separate claims for res ipsa loquitur (Count XII), mental anguish, emotional distress, and inconvenience (Count XIV), and punitive damages (Count XV) allege evidence designed to establish liability or damages for her cognizable claims, they state no causes of action and must be dismissed as claims lacking any cognizability at law.

**A.  Res ipsa loquitur**

"[R]es ipsa loquitur is not a separate tort or cause of action; rather, that doctrine is merely a procedural device that creates a rebuttable inference of negligence." *Drew v. Quest*

*Diagnostics*, 992 F. Supp. 2d 1177, 1192 n.49 (N.D. Ala. 2014) (quoting *Kerns v. Sealy*, 496 F. Supp. 2d 1306, 1315 (S.D. Ala. 2007)). While Holmes asserts in Count XIII claims against Home Depot and Behr for res ipsa loquitur (Doc. 21 at 35-36), these are not separate cognizable causes of action and therefore must be dismissed under Rule 12(b)(6) for failing to state a proper claim for relief.

### B. Mental anguish/emotional distress & inconvenience

"Emotional distress and mental anguish are not causes of action but rather types of injury." *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Snider*, 2015 WL 1544617, at *4 (11th Cir. Apr. 7, 2015). While Holmes asserts in Count XIV claims against Home Depot and Behr for mental anguish, emotional distress, and inconvenience (Doc. 21 at 36-37), these are not separate cognizable causes of action and therefore must be dismissed under Rule 12(b)(6) for failing to state a proper claim for relief.

### C. Punitive damages

"[T]here is no separate cause of action in Alabama for punitive damages." *Franklin Cnty. Sch. Bd. v. Lake Asbestos of Quebec, Ltd.*, 1986 WL 69060, at *8 (N.D. Ala. Feb. 13, 1986). While Holmes asserts in Count XV claims against Home Depot and Behr for punitive damages (Doc. 21 at 37-38), these are not separate cognizable causes of action and therefore must be dismissed under Rule 12(b)(6) for failing to state a proper claim for relief.

**CONCLUSION**

Therefore, pursuant to Rule 12(b)(6) Counts I, II, IV, and V as against Behr and Counts XIII, XIV, and XV as against both defendants must be dismissed with prejudice for failing to state claims for relief. Additionally, pursuant to Rule 9(b), Counts X and XII as against Behr and Counts VI, VIII, IX, and XI as against both defendants must be dismissed for their failure to state a claim with sufficient particularity. However, Holmes will be granted leave to amend the said claims consistent with this opinion.

DONE this 19th day of August, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE