FILED

2015 Nov-17  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY LEE HOLMES, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 2:15-CV-0454-WMA |
| | } | |
| BEHR PROCESS CORPORATION, et al., | } | |
| | } | |
| | } | |
| Defendants. | | |

**MEMORANDUM OPINION**

On August 19, 2015, this court dismissed the fraud counts contained in the amended complaint of plaintiff, Mary Lee Holmes, but with leave to amend said counts on or before August 25, 2015. (Doc. 39).  On August 28, 2015, three days after the deadline expired, Holmes filed a Third Amended Complaint. (Doc. 41).  On September 4, 2015 Holmes filed a motion styled as a "Motion to Accept Third Amended Complaint Filed Out Of Time", requesting that the court accept her Third Amended Complaint despite filing it late. (Doc. 45).  Defendants have not consented to the motion, which will be treated as a Rule 6(b) motion made after time has expired. Fed. R. Civ. Proc. 6(b)(1)(B).

On September 11, 2015, defendants Behr Process Corporation ("Behr") and Home Depot USA, Inc. ("Home Depot") filed a joint motion to strike plaintiff's Third Amended Complaint or, alternatively, to dismiss Holmes' amended fraud counts, and further moved to limit Holmes' damages claimed in certain counts. (Doc.

1

46).  On September 25, 2015, Holmes requested an extension of the time to respond (Doc. 48) and subsequently filed her response on September 28, 2015 (Doc. 49) along with a separate motion to extend defendants' reply deadline by three days (Doc. 50).  On September 29, 2015, this court granted the extensions for all parties. (Doc. 51; Doc. 52). Defendants timely filed their joint reply on October 7, 2015 (Doc. 53).  Having been fully briefed, plaintiff's 6(b) motion and defendants' motion to strike the amendment or motion to dismiss are now under submission.

## I.    Untimely Filed Amended Complaint

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. Proc. 6(b)(1)(B).  In the absence of bad faith, a court may find "excusable neglect" and forgive untimeliness for innocent oversight by counsel. *Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1202 (11th Cir. 1999); see *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("the [excusable neglect] determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission").

Defendants do not assert bad faith by Holmes in filing her Third Amended Complaint three days late.  Instead, they move to strike the entire Third Amended Complaint claiming prejudice

alongside a request for costs and fees for having "to draft a costly and otherwise unnecessary Motion to Dismiss." (Doc. 46 at 11). While the reasons Holmes gives for her delay read more like the melodrama of a Sophoclean tragedy, defendants' claim of prejudice and invitation to use Rule 6(b) as a windfall is almost as dramatic. The court finds excusable neglect for pro se plaintiff's three day delay and minimal prejudice to defendants. See *Vestavia Plaza, LLC v. City of Vestavia Hills, Ala.*, 2013 WL 4804196, at *1 (N.D. Ala. Sept. 9, 2013). Therefore Holmes' Rule 6(b) motion will be granted and defendants' motion to strike and request for costs and fees will be denied.

## II. Fraud Claims

Under Federal Rule of Civil Procedure 9(b), where a plaintiff's complaint alleges "fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Specifically, in the Eleventh Circuit under this heightened pleading standard a plaintiff must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).[1]

---

[1] In her brief, Holmes states the **wrong** standard for a motion to dismiss, errantly citing the judicial opinions of various Alabama courts. (Doc. 41 at 19). Being in federal court,

In her Third Amended Complaint, Holmes presents three theories of fraud: Count V alleges that Behr violated the Alabama Deceptive Trade Practices Act ("ADTPA"), Counts VII and VIII respectively allege that Home Depot and Behr made fraudulent misrepresentations, and Count IX alleges that Behr fraudulently suppressed information. While Holmes does state these claims with more particularity than in her earlier efforts, each fails to state a claim that meets the Rule 9(b) standard or the ADTPA standard.

### A.   Alabama Deceptive Trade Practices Act

A merchant is liable under the ADTPA when "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have . . ." Ala. Code § 8-19-5(5).  "No action may be brought under [the ADTPA] more than **one year** after the person bringing the action discovers or reasonably should have discovered the act or practice which is the subject of the action." ALA. CODE § 8-19-14 (emphasis added).  "The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases in which the plaintiff *actually knew* of facts that would have put a reasonable person on notice of fraud." *Bryant Bank v. Talmage Kirkland & Co.*, 2011 WL 11742121, at *6 (Ala. May 23, 2014).

---

this matter is governed by the Federal Rules of Civil Procedure and related federal court decisions.

Holmes alleges that during an October 28, 2013 telephone conversation with a Behr representative, she became aware of a maximum dry time for the Kilz product when the representative stated that "if you wait too long between applying second coats of primer or the topcoat that moisture can seep under the primer and cause the primer to crack, peel or fall off the walls and ceilings." (Doc. 41 at 9-10, 32). Therefore, under the ADTPA's one year statute of limitations, the period for filing expired on October 28, 2014, however Holmes did not file this action until March 17, 2015. (Doc. 1). She essentially concedes to this point by failing in her response to address the statute of limitations argument. (Doc. 46 at 14-15; Doc. 49). See *Collins v. Davol, Inc.*, 56 F. Supp. 3d 1222, 1228 (N.D. Ala. 2014). Therefore, Holmes' ADTPA claim under Count V is barred by the statute of limitations and must be dismissed.

In addition to the bar of the statute of limitations, Holmes procedurally waived her right to pursue a claim under the ADTPA by pursuing her other fraud claims against Behr.[2] Under the ADTPA "[a]n election to pursue the civil remedies prescribed in this

---

[2] Additionally, nowhere in Holmes' Third Amended Complaint or briefing does she allege that she provided Behr with a written demand or notice as required by Ala. Code § 8-19-10(e), which is a condition precedent to filing a suit under the ADTPA. *Nimbus Technologies, Inc. v. SunnData Products, Inc.*, 2005 WL 6133373, at *21 (N.D. Ala. Dec. 7, 2005); see *Sheehan v. Bowden*, 572 So. 2d 1211, 1213 (Ala. 1990)(holding that plaintiff has the burden of proving compliance that it served a demand on defendant prior to filing any action under the ADTPA).

chapter **shall exclude and be a surrender of all other rights and remedies available** at common law, by statute or otherwise, for fraud, misrepresentation, deceit, suppression of material facts or fraudulent concealment arising out of any act, occurrence or transaction actionable under this chapter." Ala. Code § 8-19-15 (emphasis added).  Although the ADTPA does "not displace remedies for fraud, misrepresentation, deceit, or suppression that are available under the common law, statute, or otherwise . . . the remedies under the [ADTPA] and those otherwise available are **mutually exclusive**." *Ford Motor Co. v. Sperau*, 708 So. 2d 111, 122 (Ala. 1997) (emphasis added).

If Holmes were allowed to pursue her ADTPA claim against Behr in Count V, she would surrender all other rights and remedies under Alabama law, including Counts VIII and IX against Behr for fraudulent misrepresentation and suppression.  While certainly under the federal rules, Fed. R. Civ. Proc. 8(d), a party may plead alternative or inconsistent claims, the plain text of the ADTPA specifically and unambiguously makes, as an essential element of the claim, the statutory remedy exclusive of other remedies available under Alabama law. See *Thomas v. Kamtek, Inc.*, 2015 WL 6503672, at *7 (N.D. Ala. Oct. 28, 2015) (distinguishing between pleading alternative claims from mutually exclusive causes of action).  Furthermore, while federal procedural rules displace conflicting state provisions, federal procedure does not "abridge,

enlarge or modify any substantive right." *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1335 (11th Cir. 2015) (quoting *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). Allowing Holmes alternatively to plead her ADTPA and other fraud claims against Behr would enlarge the substantive right and remedy of the ADTPA, supplanting the prerogative of state law.  See *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938).  Therefore, by pursuing her other fraud claims against Behr in Counts VIII and IX, Holmes will be deemed to have procedurally waived her claim under the ADTPA in Count V.

### B.    Fraud by misrepresentation

In Alabama, "[m]isrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud." Ala. Code § 6-5-101.  Specifically, "[t]he elements of fraud are: (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence." *Brushwitz v. Ezell*, 757 So.2d 423, 429 (Ala. 2000).

In Alabama, "a mere breach of contract is not sufficient to support a charge of fraud." *Emergency Response Specialists, Inc. v. CSA Ocean Sciences, Inc.*, 2015 WL 1865453, at *1 (N.D. Ala. Apr.

7

23, 2015) (quoting *McAdory v. Jones*, 71 So.2d 526, 528 (Ala. 1954)). "Regardless, it is clear that to assert a fraud claim that stems from the same core facts as one's breach-of-contract claim, the fraud claim must be based on representations independent of the promises contained in the contract and must independently satisfy the elements of fraud." *Hunt Petroleum Corp. v. State*, 901 So.2d 1, 10-11 (Ala. 2004) (Houston, J., concurring); see *Stone v. Koch Farms of Gadsden LLC*, 2013 WL 121477, at *2-3 (N.D. Ala. Jan. 8, 2013) and *Townson v. Koch Farms, LLC*, 2014 WL 1618376, at *2 (N.D. Ala. Apr. 22, 2014)(relying on Justice Houston's concurrence to conclude fraud claims must be sufficiently independent from a breach of contract count to be separately cognizable). "[M]ere puffery . . . will not support a claim of fraud." *Am. Pioneer Life Ins. Co. v. Sherrard*, 477 So. 2d 287, 291 (Ala. 1985) (finding as mere puffery representations that an idea was "the greatest thing [one] had seen", was a "number one priority", and that "it would revolutionize the industry").

In Count VII, Holmes alleges fraudulent misrepresentation by Home Depot where an employee working in the paint department represented to Holmes that Kilz was "a high quality primer suitable for adhering to both plaster and sheetrock/drywall walls and ceilings." (Doc. 41 at 33-34). At best, these alleged representations by Home Depot are "nothing more than puffery." *Shutter Shop, Inc. v. Amersham Corp.*, 114 F. Supp. 2d 1218, 1227

8

(M.D. Ala. 2000) (quoting *Fincher v. Robinson Bros. Lincoln-Mercury*, 583 So. 2d 256, 259 (Ala. 1991)). Furthermore, Holmes fails to distinguish how this representation by Home Depot was independent of or distinguishable from the representations about the product on the label, namely, that Kilz primer may be used "on interior surfaces including . . . drywall [and] plaster." (Doc. 41 at 36). Therefore, Count VII fails to state a claim of fraud against Home Depot and must be dismissed.

In Count VIII, Holmes alleges two theories of fraudulent misrepresentation against Behr. First, Holmes alleges that she was "misled by the labeling, WHERE TO USE section on the Kilz [product]." (Doc. 41 at 36). Given that this representation is the **actual product label itself,** Holmes fails to allege a sufficiently independent representation by Behr to support a cognizable claim of fraud. Holmes' second theory of fraud against Behr alleges fraudulent misrepresentation during an October 28, 2013 telephone conversation where a Behr representative stated "that pictures, residual primer, residual paint, primer/paint samplings would not be necessary for Holmes to send to Behr in order for Holmes to receive compensation for the failed Kilz primer." (Doc. 41 at 37). While these representations are distinct from Holmes' contract claims, Holmes' assertion that they induced her "to destroy evidence" is so unreasonable as to be disregarded. (Doc. 41 at 38-39). The Behr representative's statement that said evidence "would

not be necessary" cannot reasonably be construed as an inducement for Holmes to destroy the evidence.  Rather, one would assume Holmes would preserve evidence given this is the same October 28, 2013 conversation where Holmes alleges she became aware of Behr's alleged violations of the ADTPA.[3]  Holmes' bald assertion that she "justifiably relied" is not enough because she must "show not only that [s]he relied on [the] alleged misrepresentation . . . but also that that reliance was reasonable in light of the facts surrounding the transaction in question." *Baker v. Metro. Life Ins. Co.*, 907 So. 2d 419, 421 (Ala. 2005).  Therefore, since both theories of fraud against Behr fail to state a claim for relief, Count VIII must be dismissed.

### C.    Fraudulent suppression

In Alabama, "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud [and] [t]he obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Ala. Code § 6-5-102.  Specifically, "the elements of a cause of action for fraudulent suppression are: (1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff

---

[3]  Holmes' election to bring a claim against Behr under the ADTPA in effect excludes and surrenders all other rights and remedies against Behr, thereby providing an additional basis for dismissing Counts VII and IX against Behr. See Ala. Code § 8-19-15.

to act; (4) action by the plaintiff to his or her injury" *CNH Am., LLC v. Ligon Capital, LLC*, 160 So. 3d 1195, 1201 (Ala. 2013). "Whether there is a duty to the other to disclose the fact in question is always a matter for the determination of the court." *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 839-40 (Ala. 1998)(quoting Restatement (Second) of Torts § 551 (1977)). "It has long been the law in Alabama that, when both parties to a transaction are intelligent and fully capable of taking care of themselves and are dealing at arm's length and when there are no confidential relations between them, one of them owes no duty to disclose a material fact to the other without request, and **mere silence** concerning such fact is not fraud; there must be active concealment or misrepresentation." *DeWitt v. Long*, 519 So. 2d 1363, 1366 (Ala. Civ. App. 1987).

In Count IX, Holmes alleges that despite Behr's "legal duty to disclose . . . Behr fraudulently suppressed and concealed the fact that moisture can seep under the primer causing it [to fail]." (Doc. 41 at 40-41). Despite Holmes' conclusory assertion that Behr had a duty, she provides no basis for finding a duty to disclose existed between the parties nor does she allege Behr responded untruthfully to any direct questions. See *Freightliner, L.L.C. v. Whatley Contract Carriers, L.L.C.*, 932 So. 2d 883, 892 (Ala. 2005) ("The parties have no general obligation to disclose, but each has an affirmative duty to respond 'truthfully and accurately' to

11

direct questions from the other."). While Holmes cites this
court's opinion in *Houston v. Bayer Healthcare Pharm., Inc.* to
argue that manufacturers generally have a duty to disclose and warn
of all risks in their product labeling and instructions, Holmes
overlooks the important distinction that drug and medical device
manufacturers have, namely, a unique duty in light of "FDA approval
requirements" and Alabama drug manufacturer regulations. 16 F.
Supp. 3d 1341, 1350 (N.D. Ala. 2014). Unlike *Bayer*, there is no
analogous legal duty for Behr because labeling and instructions as
to a commercial paint and primer product is not uniquely regulated
by the FDA or by Alabama law. Therefore, in the absence of any
legal duty, Count IX fails to state a claim and must be dismissed.

## III. Damages

While Holmes does not respond to defendants' argument that the
Kilz limited warranty excludes recovery for "financial loss, mental
anguish, and emotional distress" in her breach of warranty and
strict liability counts (Doc. 46 at 25), "the Court will review the
merits of the [defendants'] position and, if it is clearly
incorrect or inadequate to satisfy the [defendants'] initial
burden, will deny the Rule 12(b)(6) motion despite [Holmes] failure
to respond." *Ballard v. House*, 2015 WL 1840333, at *4 (N.D. Ala.
Apr. 22, 2015) (quotes omitted).

First, the Kilz limited warranty, referenced in Holmes'
complaint (Doc. 41 at 19, 38) and attached to defendants' motion

12

(Doc. 46-1 at 11),[4] is effective against Holmes' breach of express warranty claims in Counts III and IV.   In a sale of goods contract, "Alabama law clearly permits a seller to limit or exclude by contract any liability for consequential damages . . . [and] [s]uch agreements are valid and enforceable." *Kennedy Elec. Co. v. Moore-Handley, Inc.*, 437 So. 2d 76, 81 (Ala. 1983) (citing Ala. Code § 7-2-719).   This Kilz limited warranty, however, does not apply to Holmes' breach of implied warranty claims in Counts I and II because the said warranty makes no reference to any implied warranties nor does it disclaim any such implied warranties. Cf. *Morgan Bldg. & Spas, Inc. v. Gillett*, 762 So. 2d 366, 371 (Ala. Civ. App. 2000).

Next, the economic loss doctrine does not limit Holmes' damages under her Alabama Extended Manufacturer Liability Doctrine ("AEMLD") claim in Count VI because her complaint alleges more than mere damage to the Kilz primer itself. *Vesta Fire Ins. Corp. v. Milam & Co. Const.*, 901 So. 2d 84, 106-107 (Ala. 2004) ("[t]he economic-loss rule prevents tort recovery when a product damages

---

[4] While generally a motion to dismiss looks only at the face of the complaint, here the court considers the entire Kilz label attached to defendants' motion to dismiss (Doc. 46-1 at 11).  See *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) . . . "undisputed" mean[ing] that the authenticity of the document is not challenged").

itself, causing economic loss, but does not cause personal injury or damage to any property other than itself . . . [such] that a plaintiff's AEMLD claim that a product is defective is limited to a contractual recovery when the evidence shows that the defect caused injury to only the product and to no other property.") While the full extent of personal or property damages is unclear from the face of Holmes' complaint, it is clear that the allegedly defective Kilz primer damaged the "top-coat of Valspar paint" (Doc. 41 at 5) requiring repair to "the surfaces and [for] re-prim[ing] and repaint[ing] the walls and ceilings." (Doc. 41 at 39). Therefore, the economic-loss rule does not limit Holmes' recovery under the AEMLD.

**CONCLUSION**

A separate order effectuating this opinion will be entered.


DONE this 17th day of November, 2015.



WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE