FILED
2016 Dec-13  PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY LEE HOLMES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   2:15-cv-00454-LSC |
| BEHR PROCESS CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OF OPINION

This matter is before this Court for consideration of the issue of subject matter jurisdiction. Plaintiff Mary Lee Holmes ("Holmes") filed her initial complaint on March 17, 2015, asserting various claims arising out of her dealings with Defendants Home Depot U.S.A., Inc. ("Home Depot") and Behr Process Corporation ("Behr"). This matter was originally before another District Judge who has since retired.

While none of the parties raised the issue of subject matter jurisdiction, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "As the Supreme Court long ago held in *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1868), '[w]ithout jurisdiction

the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.* at 410 (quoting *McCardle*, 74 U.S. (7 Wall.) at 514).

In order to fulfill this obligation, this Court requested the parties brief the issue of subject matter jurisdiction, particularly concerning the amount-in-controversy requirement. Both parties assert that subject matter jurisdiction exists, if at all, based upon 28 U.S.C. § 1332(a) diversity jurisdiction. After a review of all relevant pleadings, as well as with the benefit of the arguments of counsel, it is this Court's conclusion that there is less than $75,000 in controversy in this matter and thus no subject matter jurisdiction.

## I.   BACKGROUND

Holmes was a resident citizen of Shelby County, Alabama, at the time she filed the above-styled action. She is also an investor in residential property that she purchased for approximately $45,000 in early 2013. Holmes, who has since graduated from law school, bought the home in a foreclosure sale intending to "flip" the home for a significant profit. After removing some interior walls and replacing others with drywall material, on or about July 8, 2013, Holmes purchased "Kilz" brand primer from Home Depot to cover the walls and ceilings. The Kilz

brand of primer is manufactured by Behr. Behr is alleged by the parties to be a citizen of California for diversity purposes. Home Depot is alleged by the parties to be a citizen of Georgia for diversity purposes.

Holmes originally planned to perform much of the work herself to keep her costs low, but at some point, she decided she needed help. Holmes then hired painters who cleaned, prepared, and primed the surfaces throughout the residence as directed in the manufacturer's instructions for Kilz primer. Holmes and her painters then painted the walls and ceilings, completing the application of primer and paint by the beginning of August 2013.

At the end of October 2013, Holmes noticed on a final inspection that the paint and primer were delaminating from the surfaces throughout the residence. Holmes immediately notified Home Depot of the situation and then—at the direction of Home Depot—contacted Behr. Behr refused to send a representative to the residence but did advise Holmes how she should go about scraping and repainting the surfaces. Behr also offered to send her all the primer and paint she needed once she was ready for it at no further cost.[1]

Holmes hired a second painting company to scrape, prepare, and repaint the surfaces in the residence. The scraping and preparation was completed on or about

---

[1] Behr has since maintained that its representative offered only to provide replacement primer free of charge in accordance with its warranty.

November 5, 2014, and when Holmes notified Behr that she was ready for the primer and paint, Behr indicated that it was sending the same primer as originally used. Not willing to use the same product again, Holmes instead purchased a different brand of primer and paint for her painters to apply. The work was completed on November 26, 2014, with a total cost to Holmes of $19,246.68.

Holmes also contends that the re-application of the primer and paint resulted in the need to refinish certain hardwood floors, costing $3,900, and other surfaces, costing $3,447.47, and the devaluation of other surfaces, totaling $5,562.68.[2] The total cost claimed by Holmes was $32,156.83, not including the damages for loss of rent, emotional damages, and punitive damages that she requested in her complaint. In her arguments to this Court on October 18, 2016, Holmes, who is representing herself, stated that she could have rented the residence at a rate of $1,500–$2,000 per month. Thus, Holmes could claim lost rent of $3,000–$4,000, covering the amount of time the second painting crew needed to remove the delaminating paint and primer and re-apply the paint and primer. Nevertheless, Holmes claims a loss of rent totaling $48,000 that is not supported by the pleadings, evidence, or arguments of counsel.

---

[2] Holmes acknowledged in the October 18, 2016, hearing that these damages were the result of the second team of painters not properly covering the floors, beams, etc. As such, it is questionable if such damages are even recoverable from the current defendants, but the damages will be included to give Holmes the benefit of the doubt.

## II. STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff asserts that this Court has diversity jurisdiction over this matter. "In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing § 1332). "Generally, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S> 283, 289 (1938)).

Stated another way, in order to exercise jurisdiction over this action pursuant to § 1332(a), this Court must assure itself that the parties are completely diverse and that the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, the party seeking federal jurisdiction must prove the requirements of such jurisdiction. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). It appears from the arguments and submissions of the parties that

diversity of citizenship is met, although perhaps not clearly pled.[3] Regardless, this opinion will not address the citizenship of the parties further, as the amount in controversy is determinative.

## III. ANALYSIS

Holmes has filed, in addition to her original complaint, three amended complaints, each such complaint being met with a motion to dismiss. In each instance, many of her claims were dismissed. There is no need to repeat the reasoning of each dismissal other than to say that the claims were dismissed for failure to state a claim or the waiver of such claim by other claims therein made. The long and short of the previous court's opinions is that Holmes's properly pled and thus surviving claims are for breach of various warranties and a breach of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").

The question is what amount has been placed into controversy by such properly pled claims. Plaintiff did include in her complaints a statement that her action involved a sum in excess of $75,000 exclusive of interests and costs. Also, Defendants did not challenge this assertion. However, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a

---

[3] The complaint and other pleadings do not sufficiently plead the citizenship of the defendants in that nowhere does the state of incorporation of each defendant appear. Regardless, for the purpose of this opinion, the parties' position that they are diverse is assumed to be correct.

given type of case and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982) (footnote omitted).

This Court must determine from the evidence and submissions of the parties what is possible for Holmes to recover. Holmes argues that she is entitled to punitive and emotional distress damages. However, there was never a properly pled claim or cause of action in her complaints that would support punitive damages.

The question, then is whether Holmes ever properly pled a claim from which she could possibly recover emotional distress damages when the property in question is investment or commercial property. The Alabama Supreme Court has stated that "[a]n award of damages for mental anguish generally is not allowed in breach-of-contract actions in Alabama." *Bowers v. Wal-Mart Stores, Inc.*, 827 So. 2d 63, 68 (Ala. 2001). There are, however, exceptions to this rule. For instance, "where the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering, it is just that damages therefor be taken into consideration and awarded." *Id.* at 69.

Recovery of emotional distress damages is allowed in such cases "because it is highly foreseeable that egregious breaches of certain contracts—involving one's home or deceased loved one, for example—will result in significant emotional distress. The contractual duties imposed by these contracts are so sensitive that a breach will necessarily and foreseeably result in mental anguish." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1359–60 (11th Cir. 2000) (citations omitted). There simply is no basis to believe that under the facts of this case Holmes would be entitled to recover emotional distress damages. This is a breach of warranty case involving investment property. *See, e.g.*, *Barko Hydraulics, LLC v. Shepherd*, 167 So. 3d 304, 312 (Ala. 2014). Holmes bought the property out of foreclosure intending to renovate and flip it for a profit. Her potentially recoverable damages are about $40,000. Plaintiff has failed to demonstrate the amount-in-controversy requirement to show diversity jurisdiction, and thus this matter, including any counterclaims, is due to be dismissed for want of jurisdiction.

### IV. Conclusion

For the above reasons, this matter is due to be DISMISSED. As Defendants failed to raise the issue of subject matter jurisdiction even though it could have been raised at the time of filing of the original complaint, each party will be made to

bear its own costs. An Order consistent with this opinion will be entered simultaneously.

      **DONE** AND **ORDERED** ON DECEMBER 13, 2016.

                                                      L. SCOTT COOGLER
                                     UNITED STATES DISTRICT JUDGE

                                                                                186289